IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Design Gaps, Inc., David Glover, and Eva Glover,<br><br>    Petitioners,<br>v.<br><br>Shelter, LLC, Jason Highsmith, and Kacie M. Highsmith,<br><br>    Respondents. | Case No. 2:22-cv-04698-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Petitioners' motion to vacate an arbitration award. (Dkt. No. 1). Respondents moved to dismiss Petitioners' motion for vacatur (Dkt. No. 8-1) and moved to confirm the arbitration award. (Dkt. No. 10). Petitioners opposed the motion to dismiss (Dkt. No. 11) and the motion to confirm the arbitration award. (Dkt. No. 13). For the reasons set forth below, the Court **DENIES** Petitioners' motion to vacate the arbitration award and **GRANTS** Respondents' motion to confirm the award.

**I.**  **Background**

This dispute arises from the renovation of Jason Highsmith and Kacie Highsmith's (the "Highsmiths") home in Daniel Island, South Carolina.[1] In August and September 2020, the Highsmiths entered into two contracts with Design Gaps, Inc. ("Design Gaps") to design and to install cabinets and closets in their home. The Highsmiths expressed that they wanted the renovations to be completed within approximately four to eight weeks after contract signing. Design Gaps indicated that this time frame was achievable. In May 2021, the renovations were

---

[1] The facts are drawn from Arbitrator's Final Award. (Dkt. No. 1-10). This is appropriate as this Court's task is to "determine only whether the arbitrator did his job-not whether he did it well, correctly, or reasonably, but simply whether he did it." *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996). Accordingly, the Court must review the Arbitrator's findings.

1

still not complete. Consequently, the Highsmiths terminated the August 2020 and September 2020 contracts.

The Highsmiths hired Distinctive Design, LLC ("Distinctive Design") to finish the renovations. Design Gaps originally provided drawings for the cabinets and closets, which were for the Highsmiths' review, approval, and use during the construction process. When the Highsmiths hired Distinctive Design to complete the renovations, they shared Design Gaps' drawings with Distinctive Design.

Thereafter, the Highsmiths filed a demand for arbitration. The parties agreed that the arbitration would only address the Highsmiths' claims against Design Gaps, not Eva Glover and David Glover, officers of Design Gaps. Design Gaps counterclaimed for negligence, breach of contract, fraudulent misrepresentation, failure to mitigate damages, tortious interference, civil conspiracy, conversion, unfair and deceptive trade practices, quasi-contract, and violation of the copyright act.

The merits hearing was conducted on May 26, May 27, and June 2, 2022. At the conclusion of the hearings, the Arbitrator asked both parties whether they had an adequate opportunity to present in full the evidence which they thought was relevant. Both parties confirmed that they had.

In his nine-page final award, the Arbitrator outlined the factual and procedural history, findings of fact, conclusions of law, and damages. The most important causes of action relevant to Design Gaps' petition for vacatur is the breach of contract and the copyright claim. In relation to the breach of contract claim, based on facts drawn from nearly twenty exhibits, the Arbitrator concluded:

> While the contracts did not contain specified completion dates, Design Gaps did provide a series of completion dates, which it did

not meet. During the hearing, Design Gaps set out a number of reasons for the delays which it argued were beyond its control. However, it continued to provide unreliable completion dates to the Claimants. The repeated failure to meet the many dates promised for completion justifies the termination of the contracts.

In relation to the copyright claim, based on testimony and exhibits, the Arbitrator concluded:

> Respondents failed to enter into evidence a valid copyright registration; however, even if they had, Claimants certainly established fair use of the design work, especially considering that Shelter did not profit from the design. The sharing of a pdf of the design did not materially impair the marketability of the design. Respondents failed to prove that Claimants or anyone else converted its designs for this project. Bryan Reiss of Distinctive Design confirmed that he did not use Design Gaps' designs for the cabinets. I am convinced by Reiss's testimony and the exhibits provided that any similarity in the designs is due to the limitations of the space and the client's desired layout. Therefore, there has been no violation of any copyright which Respondent may have had.

"Having reviewed all of the testimony, exhibits, arguments of the parties, pleadings and post-hearing," the Arbitrator issued an award against Design Gaps for $152,884.00, the costs of the arbitration of $17,411.83, and the reasonable attorney's fees of $126,113.34 for a total award in favor of the Highsmiths against Design Gaps for $296,409.17. (Dkt. No. 1-10 at 7, 9).

### II.     Legal Standard

It is well settled that a court's review of an arbitration award "is among the narrowest known to the law." *U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO*, 204 F.3d 523, 527 (4th Cir. 2000) (internal quotation marks omitted). "A court sits to 'determine only whether the arbitrator did his job-not whether he did it well, correctly, or reasonably, but simply whether he did it.'" *Id*. (quoting *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious

error does not suffice to overturn his decision." *United Paper-Workers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). The Fourth Circuit has emphasized the limited scope of judicial review because "[a] policy favoring arbitration would mean little, of course, if arbitration were merely the prologue to prolonged litigation . . . Opening up arbitral awards to myriad legal challenges would eventually reduce arbitral proceedings to the status of preliminary hearings." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994). Therefore, "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *see also Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) ("Absent a statutory basis for modification or vacatur, the district court's task [is] to confirm the arbitrator's final award as mandated by section 9 of the Act.").

### III. Discussion

Design Gap argues that the "[1] Arbitrator demonstrated evident partiality in favor of [the Highsmiths] and against [Design Gaps], [2] a manifest disregard of the law with respect to [Design Gaps'] counterclaims of copyright infringement and [Highsmiths'] breach of the Contracts, and [3] imperfect execution such that a mutual, final, and definite award upon the subject matter submitted was not made." (Dkt. No. 1 at ¶ 70). Thus, Design Gaps argues that the arbitration award must be vacated. The Court rejects all Design Gaps arguments.

A. Design Gaps Fails to Prove the Arbitrator was Evidently Partial.

The Court finds that Design Gaps has not met its burden of proving the Arbitrator's "evident partiality." The party seeking vacatur of an arbitration award "must put forward facts that *objectively* demonstrate such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives." *ANR Coal Co., Inc. v. Cogentrix of N.C., Inc.*, 173 F.3d 493,

501 (4th Cir. 1999). "In determining whether a party has demonstrated evident partiality, a court should evaluate the facts" in light of four factors:

> (1) the extent and character of the personal interest, pecuniary or otherwise, of the arbitrator in the proceeding; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of that relationship to the arbitration; and (4) the proximity in time between the relationship and the arbitration proceeding.

*Id.* at 500. Furthermore, as a court considers each factor, the court should determine "whether the asserted bias is 'direct, definite and capable of demonstration rather than remote, uncertain or speculative.'" *Id.* (quoting *Consolidation Coal Co. v. Local 1643, United Mine Workers of America*, 48 F.3d 125, 129 (4th Cir. 1995).

At the outset, the Court rejects Design Gaps claims because it does not even allege any of the *ANR Coal* factors. Even if the Court makes the necessary inferences for Design Gaps, Design Gaps still cannot demonstrate evident partiality. As to the first factor, Design Gaps does not allege that Arbitrator had a personal, pecuniary, or other interest in the proceeding. The Arbitrator had no personal or pecuniary interest. Design Gaps' motion for vacatur instead details its disagreement with the Arbitrator on a legal issue.[2] From this, Design Gaps alleges that the Arbitrator had "favoritism." (Dkt. No. 1 at ¶ 34). This allegation does not even begin to approach a showing of

---

[2] During the arbitration, Petitioner David Glover sought to represent himself, Eva Glover, and Design Gaps pro se. The Arbitrator questioned whether pro se corporate representation was appropriate in an arbitration under South Carolina law. The issue appears to be unsettled. The Arbitrator conducted research and asked the parties to brief the issue. Petitioner David Glover explained that "Design Gaps, Inc. chose to incorporate the Arbitration Clause into their contracts to allow its officer to represent the company as an efficient and cost-effective means to resolve disputes." (Dkt. No. 8-5 at 2). Of course, the reasons Design Gaps chose the Arbitration Clause bore no weight on the lawfulness of the Clause under South Carolina law, and the Arbitrator continued to investigate. The Arbitrator ultimately concluded that Petitioner David Glover could represent all the Petitioners.

5

personal interest, much less the "heavy" and "onerous" burden to prove evident partiality. *ANR Coal*, 173 F.3d at 501 (internal citations omitted).

The Court finds that the asserted bias of 'favoritism' on the ground that the Arbitrator questioned whether it was appropriate for Glover to proceed pro se in the arbitration is "uncertain" and "speculative." *Consolidation Coal Co.*, 48 F.3d 129. "Contrary to [Design Gaps'] apparent belief, bias is not established merely because an arbitrator ruled against the complaining party." *Choice Hotels Intern., Inc. v. Patel*, 2004 WL 57658 at *6 (D. Md. Jan. 13, 2004). Simply put, the fact that Design Gaps disagreed with the Arbitrator on a legal issue does not objectively demonstrate that the Arbitrator had improper motives.

The Court finds that the second, third, and fourth *ANR Coal* factors are irrelevant here. Design Gaps did not allege any relationship between the Arbitrator and the Highsmiths. Being without any factual support that objectively demonstrate partiality, even if Design Gaps properly alleged the *ANR Coal* factors, the Court finds that this claim fails.

B. Manifest Disregard

"Convincing a federal court to vacate an arbitral award is a herculean task." *Warfield v. Icon Admisers, Inc.*, 26 F.4th 666, 669 (4th Cir. 2022). There are a few circumstances, however, where vacating an arbitration award is appropriate. One such basis is where the award rests upon a "manifest disregard" of the law. *Wachovia Secs., LLC v. Brand*, 671 F.3d 472, 483 (4th Cir. 2012). A court may vacate an arbitration award on this basis on when the movant has established that "(1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015).

1. Copyright Claim

6

The Copyright Act, 17 U.S.C. § 106, "confers a bundle of exclusive rights to the owner of the copyright." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547 (1985). Fair use, however, "is a complete defense to infringement." *Bouchat v. Baltimore Ravens Ltd. P'ship*, 619 F.3d 301, 307 (4th Cir. 2010). "The fair use doctrine thus "permits [and requires] courts to avoid rigid application of the copyright statute." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994) (quoting *Stewart v. Abend,* 495 U.S. 207, 236 (1990)). "The task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." *Id.* Under the Copyright Act, 17 U.S.C. § 107, the factors to be considering when determining whether the use of a work is fair use are:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

The Court finds that Design Gaps fails to show that the Arbitrator manifestly disregarded the law. Reduced to its essence, Design Gaps essentially argues that it would have weighed the factors differently—as it happens, in its favor. The Arbitrator concluded that the Highsmiths "certainly established fair use of the design work . . . Therefore, there has been no violation of any copyright which Respondent may have had." (Dkt. No. 1-10 at 6-7). This Court "cannot say that the arbitrator's interpretation fell beyond the scope of reasonable debate." *Jones*, 792 F.3d at 403. This is especially true since the nature of this balancing test precludes bright-line rules. *Campbell*, 510 U.S. at 577. The Arbitrator weighed the evidence, balanced the statutory factors, and concluded that the Highsmiths' use constituted fair use under the Copyright Act. The district court must "determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers*

7

*Int'l Union*, 76 F.3d 606, 608 (4th Cir.1996). The Court finds that there was no binding precedent that militated against the Arbitrator's finding. Accordingly, the Court finds that this claim fails.

   2. *Breach of Contract Claim*

Design Gaps argues that the Arbitrator ignored a "well-established principle that is clearly defined and not subject to reasonable debate" when the Arbitrator determined that Design Gaps, and not the Highsmiths, materially breached the contract. (Dkt. No. 1 at ¶ 62). It is black-letter law that "[t]he materiality of a contractual breach is a question of fact reserved for the jury." 62B AM. JUR. 2d § 220.

"The parties to an arbitration have bargained for the arbitrator's, rather than the [jury's] decision." *Cyber Imaging Sys., Inc. v. Eyelation, Inc.*, 2015 WL 12851390, at *1 (E.D.N.C. Nov. 4, 2015). "[T]he reviewing court's task is to enforce the bargained-for decision of the arbitrator and not to evaluate the arbitrator's factual findings or legal analysis." *Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns Int'l Union*, 973 F.2d 276, 281 (4th Cir. 1992). After the Arbitrator "duly heard the proofs and allegation of the Parties," he determined that Glover's "repeated failure to meet the many dates promised for completion justified the termination of the contracts." (Dkt. No. 1-10 at 1, 5). The Arbitrator also determined that Petitioners "are entitled to take nothing under their counterclaims." (*Id.* at 6). In his Final Award, the Arbitrator outlined the facts he found relevant and credible, and then he found that Design Gaps, not the Highsmiths, was in material breach. Glover can point to no binding precedent that required the Arbitrator to determine otherwise. Accordingly, the Court finds that this claim fails.

   C. Imperfectly Executed Powers

Lastly, Design Gaps seeks vacatur of the arbitration award pursuant to 9 U.S.C. § 10(a)(4), which permits a district court to vacate an award "[w]here the arbitrators exceeded their powers,

or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Design Gaps contends that the Arbitrator imperfected executed his power in failing to issue a reasoned award. (Dkt. No. 1 at ¶ 17).

The Court finds that the Arbitrator did issue a reasoned award. A "reasoned award" is "something short of findings and conclusions but more than a simple result." *Holden v. Deloitte & Touche LLP*, 390 F.Supp.2d 752, 780 (N.D.Ill.2005) (internal citations omitted). "An arbitration is not a federal court lawsuit, and the resulting award is not a judicial opinion." *Astanza Design, LLC v. Giemme Stile, S.p.A.*, 220 F. Supp. 3d 641, 648 (M.D.N.C. 2016). Accordingly, "[a] reasoned award requirement does not obligate the arbitrator to discuss every single piece of evidence or "to show how every single proposition [he] adopted could be derived from first principles." *Carmody Bldg. Corp. v. Richter & Ratner Contracting Corp.*, 2013 WL 4437213, at *4 (S.D.N.Y. Aug. 19, 2013).

Design Gaps essentially reargues that the Arbitrator manifestly disregarded the law in support of his argument that the Arbitrator did not issue a reasoned award. (Dkt. No. 1 at ¶¶ 66-67) (reasoning that the Arbitrator imperfectly executed his powers because "the Arbitrator failed to provide a legal assessment concerning the four-factor test for determining fair use" and that "the Arbitrator failed to assess and recognize the Respondent Highsmiths breached the Contracts they entered with Design Gaps.") Design Gaps further claims that "[a] reasoned award requires the arbitrator to provide a concise written breakdown for the award that addresses the disposition of all the claims and counterclaims submitted." (*Id.* at ¶ 68).

Across nine pages, the Arbitrator described the factual history and procedural history, the relevant facts, his conclusions of law, and a breakdown of the damages award. The Arbitrator "rendered more than a standard award, which would be a mere announcement of his decision."

*Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 474 (5th Cir. 2012) (affirming denial of vacatur where eight-page decision "laid out the facts, described the contentions of the parties, and decided which of the two proposals should prevail"). Even if the Court were to find that the Arbitrator did not issue a reasoned award, "courts have not recognized a failure to do so as a ground for vacating an arbitrator's award." *U.S. ex rel. Coastal Roofing Co. v. P. Browne & Assocs., Inc.*, 771 F. Supp. 2d 576, 583 (D.S.C. 2010). Accordingly, the Court finds that this claim fails.

There being no "statutory basis for modification or vacatur, the district court's task [is] to confirm the arbitrator's final award as mandated by section 9 of the Act." *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987). Accordingly, the Court confirms the Arbitrator's final award.

### IV.    Conclusion

For the reasons set forth above, the Court denies Petitioners' motion for vacatur (Dkt. No. 1) and denies Respondents' motion to dismiss as moot. (Dkt. No. 8). The Court grants Respondents application for confirmation of the arbitration award. (Dkt. No. 10).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 19, 2023
Charleston, South Carolina